# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | Case No. 17-po-2101 |
| v. | * | 17-po-3176 |
| | * | |
| | * | |
| LLOYD E. HALL, | * | |
| | * | |
| | * | |
| Defendant | * | |

**\*\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on Defendant's request to seal the record of the Court's dismissal of his case in 17-po-3176 and the Court's judgment of acquittal of Defendant in 17-po-2101. He provides no reasons in support of the relief requested. No hearing is necessary. L.R. 105.6.

"The Supreme Court has recognized that the press and the public have a common law qualified right of access to judicial records." *United States v. Ware*, No. 5:97CR47-02, 2015 WL 2137133, at \*2 (N.D.W. Va. May 7, 2015) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978)), *aff'd mem. per curiam*, 627 F. App'x 261 (4th Cir. 2016). "However, a judicial officer's decision to seal, or to grant access to judicial records, is discretionary." *Id.* (citing *Balt. Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989)). "The interest to be protected by closing trial proceedings must 'be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.'" *Id.* (quoting same). "The Fourth Circuit has applied these principles to requests to seal judicial documents." *Id.* (citing same).

"The Fourth Circuit has recognized that 'a compelling governmental interest exists in protecting the integrity of an ongoing law enforcement investigation.'" *Id.* (quoting *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 579 (4th Cir. 2004)). "However, even when given that compelling interest to consider, the Fourth Circuit has denied motions to seal judicial documents." *Id.* (citing *Va. Dep't of State Police*, 386 F.3d at 579; *Balt. Sun,* 886 F.2d at 65). "Additionally, the Fourth Circuit has denied a request to seal where the interest of the moving party was the confidentiality of medical review proceedings and the underlying medical records." *Id.* (citing *Stone v. Univ. of Md. Med. Sys. Corp.*, 948 F.2d 128, 131 (4th Cir. 1991)). "Of course, this Court and other courts do, from time to time, seal court documents or portions thereof, when private personal identifiers, such as social security numbers, are found to be included; but that is not the situation here." *Id.*

> This Court cannot find that the defendant's interest[s] are as compelling as the interests cited above, which were themselves not enough to overcome the presumption that judicial records and documents should not be sealed. The defendant's interests are based on possible employment decisions and other equitable interests that are insufficient to support a finding that the defendant's request should be granted. As such, this Court finds that the defendant's criminal record should not be sealed.

*Id.* Defendant's request to seal the record in case numbers 17-po-2101 and 17-po-3176 thus is **DENIED**.

To the extent that Defendant petitions the Court to expunge the record of these cases, the Court lacks jurisdiction to do so. Because there is no applicable statute providing for expungement in cases such as these, the only available jurisdictional basis is the doctrine of ancillary jurisdiction. *United States v. McKnight*, 33 F. Supp. 3d 577, 580 (D. Md. 2014). "The term 'ancillary jurisdiction' refers to the court's power to hear claims that are closely linked to other claims over which the court's jurisdiction is otherwise secure." *United States v. Wahi*, 850

F.3d 296, 300 (7th Cir. 2017). "'Ancillary' jurisdiction applies to related *proceedings* that are technically separate from the initial case that invoked federal subject-matter jurisdiction." *United States v. Mettetal*, 714 F. App'x 230, 233 n.1 (4th Cir. 2017) (quoting *United States v. Field*, 756 F.3d 911, 914 (6th Cir. 2014)).

> [F]ederal courts generally may invoke the doctrine of ancillary jurisdiction in two circumstances: (1) where necessary to permit disposition by a single court of claims that are factually interdependent; and (2) "to enable a court to function successfully, that is, to manage its proceeding, vindicate its authority, and effectuate its decrees."

*McKnight*, 33 F. Supp. 3d at 580 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994)); *see Mettetal*, 714 F. App'x at 234.

Neither circumstance applies to petitions for equitable expungement, however. *Mettetal*, 714 F. App'x at 235. First, "a request for equitable expungement is not factually dependent on the underlying criminal case in any sense that matters. Instead, it will always turn on facts collateral to or arising after the case is over—in short, matters external to the criminal case itself." *Wahi*, 850 F.3d at 302. Thus, the facts underlying Defendant's charges are not interdependent with any equitable circumstances that he may claim justify expungement. *See Mettetal*, 714 F. App'x at 235 ("Here, the reasons Mettetal gives to support his petition for equitable expungement [of his criminal record of his arrest and overturned convictions] are that he has not run afoul of the law since he was arrested in 1995 and that his criminal record has had adverse professional and personal consequences. These matters, however, arose after he was arrested and involve facts quite separate and distinct from the criminal proceedings themselves. As such, Mettetal's petition is not 'interdependent' with anything that was properly before the federal court. It therefore 'requires its own basis for jurisdiction.'" (quoting *Kokkonen*, 511 U.S. at 378)); *Doe v. United States*, 833 F.3d 192, 199 (2d Cir. 2016).

3

Second, "the power to expunge judicial records on equitable grounds is not incidental to the court's ability to function successfully *as a court*. Equitable expungement is not needed to enable the court to 'manage its proceedings' for the simple reason that the criminal proceedings are over." *Wahi*, 850 F.3d at 302 (citing *Kokkonen*, 511 U.S. at 380). "Nor is expungement authority needed to enable the court to 'vindicate its authority' or 'effectuate its decrees.'" *Id.* (citing same). Moreover, "[e]quitable considerations which arise after the termination of court proceedings do not operate to vitiate decrees that went into effect years earlier." *Mettetal*, 714 F. App'x at 235; *see Doe*, 833 F.3d at 198. Thus, *Kokkonen*'s second prong is not satisfied.

In short, "ancillary jurisdiction does *not* include a general equitable power to expunge judicial records in a criminal case." *Wahi*, 850 F.3d at 302-03; *see Mettetal*, 714 F. App'x at 235. Thus, to the extent that Defendant petitions the Court to expunge his criminal record, his petition is **DISMISSED** for lack of jurisdiction.

Date: December 11, 2018                                /s/
                                             Thomas M. DiGirolamo
                                             United States Magistrate Judge